be properly given, to compel the recognizance to indemnify the county of *Frederick.*

As no new proceedings could be instituted in *Carroll* county, by which the errors complained of can be corrected, we shall not order a procedendo.

JUDGMENT REVERSED.

/

HENRY D. HATTON *vs.* WILLIAM L. WEEMS.—*June,* 1839.

Since the passage of the act of 1830, ch. 185, an appeal will not lie, from a decree of the court of chancery, or of the county courts as courts of equity, for the delivery of real or personal property, and an account of the rents and profits thereof, until such an account shall have been taken and finally acted upon by the court.

APPEAL from the Court of Chancery.

The bill in this cause was filed on the 31st December 1832, by *William L. Weems* and wife, against *Henry D. Hatton,* for a discovery and account; and removal of *Henry D. Hatton* as a trustee of said *Mary,* &c., and for general relief. The cause was so proceeded in, that on 19th January 1838, the Chancellor (BLAND) decreed that, the said *H. D. Hatton* deliver up and hand over to the complainant (*William L. Weems* administrator of *Mary Ann Weems* now deceased) certain negro slaves &c., and their increase since &c., together with one half of the stock, plantation, utensils and furniture of *Henry Hatton,* deceased, bequeathed to his daughter the said *Mary,* &c., and that the said *Henry D. Hatton* account with the plaintiff, of and concerning the rents, issues, and profits of the real estate, devised by the said testator to the said *H. D. Hatton,* in trust for the said *Mary,* the late wife of the complainant, from &c., and also account for the hire and profits of the aforesaid negroes and their increase, and for the personal property &c., with the usual directions to take further proof.

From this decree the defendant *H. D. Hatton,* entered an

appeal, and prayed the court to prescribe the penalty of an appeal bond, which was done at $10,000 on the 2nd February 1838.

Upon the 5th February 1838, the said *Henry D. Hatton* filed his petition in the Court of Chancery, praying that the decree of the 19th January 1838, might be set aside; that the complainant may be required to give security for costs, and that the petitioner may be permitted within a limited time to file an answer, which was exhibited with the said petition, &c.

Upon this petition the Chancellor ordered on the same day, that it should stand for hearing on the 17th February, and that an answer thereto on oath by the solicitor of *W. L. Weems* might be read at the hearing, subject to all just exceptions, with leave to either party to insist on an answer to the said petition from the said *Weems* himself, and that all proceedings under the decree be suspended until said hearing, and further order, provided that a copy, &c.

The said *William L. Weems* having answered this petition, that, with the answer, was submitted to the Chancellor on the 20th February, 1838, whereupon it was ordered, that the order of the fifth instant be and the same is hereby rescinded and annulled, and that the said petition of *Henry D. Hatton*, be, and the same is hereby dismissed with costs, &c.

The defendant then appealed, as well from the decree of the 19th January 1838, as from the order of the 20th February 1838, and filed an appeal bond with reference to the decree of January, which was approved by the Chancellor.

At this term, *A. C. Magruder* and *J. Johnson* for the appellee moved to dismiss the appeal under the act of 1830, ch. 185, which declares, that no appeal shall hereafter be allowed from any decree or order of the Chancery Court, or county court sitting as a court of equity, unless it be a *final* decree, or order in the nature of a *final* decree, and that upon appeal from a *final* decree, or order in the nature of a *final* decree, within the time limited by law for such appeals, all previous orders and decrees passed in the cause, shall be open in the appellate court, in the same manner, as if

.such previous orders and decrees had been, as heretofore, appealed from within nine months from the time of passing the same, *provided* always, that any execution of any decree or order of the Chancery Court, &c., for the sale, conveyance, a *delivery of possession of real or personal property*, or the payment of money, or the bringing of money into court, or the appointment of a receiver, or the opening of any way public or private, from which the right of an immediate appeal is taken away by this act, shall not be suspended or staid, unless a prayer for an appeal be entered on the docket, and filed among the proceedings in the cause, and bond in such penalty as the Chancellor or the county courts (as the case may be) may prescribe, with good and sufficient security, to be approved by the Chancellor or the county court, shall be given.

The motion to dismiss was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, and CHAMBERS, J.

By *J. Johnson* and *A. C. Magruder* for the motion, and
By *Alexander* contra.

APPEAL DISMISSED.

---

HANNAH SCOTT *vs.* WILLIAM CRAWFORD, Jr.—*June*, 1839.

An appeal will not lie from an order of the Court of Chancery, directing a bill for dower to be retained, with liberty to the complainant to sue at law, to try her right to dower.

APPEAL from the Court of Chancery.

The bill in this cause was filed on the 29th July 1834. Its object was to procure an assignment of dower, and an account of rents and profits by the appellant, in lands of which her deceased husband was seized during his marriage. The defendant answered the bill, and proof was taken under a commission. At September term 1839, the plaintiff submitted the